IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DONALD JACKSON, JR.,　　　　　　　　　　　　CV. 08-6388-HU

　　　　　　Plaintiff,　　　　　　　ORDER TO PROCEED IN FORMA
　　v.　　　　　　　　　　　　　　　PAUPERIS AND TO DISMISS

MAX WILLIAMS, et al.,

　　　　　　Defendants.

HAGGERTY, Judge

### IN FORMA PAUPERIS/FILING FEE

　　　Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process until further order of the court.

　　　Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00

1 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

when funds exist.  Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account. However, plaintiff has been without funds for the six months immediately preceding the filing of his complaint. Accordingly, when funds exist, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.  Id.

## ORDER TO DISMISS

### I. STANDARDS.

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action fails to state a claim for which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000). Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford

the plaintiff the benefit of any doubt. <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007); <u>Ortez</u>, 88 F.3d at 806.

**II. <u>DISCUSSION</u>.**

Plaintiff brings this civil rights action against Max Williams, Director, Oregon Department of Corrections; Mark Nooth, Superintendent, SRCI; Garrett Laney, Assistant Superintendent, Two Rivers Correctional Institution; J. Bjerke, Security Manager, Oregon State Penitentiary; S. Blacketter, Superintendent, Eastern Oregon Correctional Institution; and John Does. Plaintiff's complaint suffers from several deficiencies warranting its dismissal.

Plaintiff's first claim for relief fails to state a claim against any of the named defendants. Plaintiff is advised that "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. <u>Jones</u>, 297 F.3d at 937; <u>Taylor</u>, 880 F.2d at 1045.

Plaintiff's second claim for relief alleges conduct which occurred in 2004. The claim is time barred because Oregon's two-year personal injury statute of limitations governs the timeliness

3 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

of a § 1983 action in this court.  Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002).

Plaintiff's third claim for relief fails to state a claim because it alleges unconstitutional conduct by individuals not named as defendants.  Although the conduct allegedly occurred at SRCI, plaintiff alleges no facts to support the imposition of liability upon defendant Mark Nooth, the Superintendent at SRCI. See Jones, 297 F.3d at 937; Taylor, 880 F.2d at 1045.

## CONCLUSION

Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint is DISMISSED for failure to state a claim.  Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

Plaintiff's request for a temporary restraining order (#4) is DENIED, with leave to renew upon satisfactory compliance with this order.

IT IS FURTHER ORDERED that the Oregon Department of Corrections (ODOC) shall collect payments from plaintiff's prison trust account and shall forward those payments to the Clerk of the Court in accordance with the formula set forth above until a total of $350.00 has been collected and forwarded to the Clerk of the

4 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

Court. The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to the Oregon Department of Corrections, Central Trust Unit, 2575 Center Street, Salem, Oregon 97310.

IT IS SO ORDERED.

DATED this 2nd day of January, 2009.

/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge