FILED '09 DEC 07 15:54 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DONALD JACKSON, JR.,                                CV. 08-6388-HU

        Plaintiff,                                       ORDER

   v.

MARK NOOTH, et al.,

        Defendants.

HAGGERTY, Judge

    Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), brings this civil rights action *pro se*. On July 14, 2009, I terminated this action due to plaintiff's failure to file an amended complaint as ordered. On September 24, 2009, I vacated the entry of judgment based upon plaintiff's representation that he had filed an amended complaint on May 15, 2009, by delivering it to prison officials for filing.

    Plaintiff was given 45 days in which to file his amended complaint. After one extension of time, plaintiff now moves for the entry of a temporary restraining order requiring prison officials to transfer plaintiff from TRCI to the Oregon State

1 -- ORDER

Correctional Institution (OSCI) "pending completion of his court ordered amended complaint."

## DISCUSSION

Because plaintiff has yet to file a complaint which survives screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), no parties have been served with process in this case. Moreover, in his motion for a TRO, plaintiff complains of conduct by prison officials who are not named as defendants in this proceeding. For both of these reasons, plaintiff's motion for TRO is denied. See Zelda v. INS, 753 F.2d 719, 727 (9th Cir. 1985) (federal court may issue injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim); Fed. R. Civ. P. 65(d) (injunction or restraining order is binding only upon parties or those in privity).

Denial of injunctive relief is also warranted due to the fact that plaintiff has failed to demonstrate a likelihood of success on the merits as demonstrated by this court's dismissal of his original complaint. See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. V. Mucas Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored). Finally, plaintiff offers no basis to support the issuance of injunctive

2 -- ORDER

relief without notice to the parties.  <u>See</u> Fed. R. Civ. P. 65(b)(1).

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for a temporary restraining order (#25) is DENIED.

IT IS SO ORDERED.

DATED this **7** day of December, 2009.

*[signature]*
Ancer L. Haggerty
United States District Judge

3 -- ORDER